HEATHER E. WILLIAMS, SBN #122664
Federal Defender
JEROME PRICE, SBN # 282400
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700
Fax: (916) 498-5710

Attorneys for Defendant
BRENDA VILLA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-cr-00245-WBS |
| Plaintiff, | **STIPULATION AND ORDER FOR BRENDA VILLA TO REMAIN ON RELEASE PENDING APPEAL** |
| vs. | |
| BRENDA VILLA, | Judge: Hon. William B. Shubb |
| Defendant. | |

IT IS HEREBY STIPULATED by and between Phillip A. Talbert, United States Attorney, through Rosanne Rust, Assistant United States Attorney, counsel for Plaintiff, and Heather Williams, Federal Defender, through Assistant Federal Defender Jerome Price, counsel for Defendant Brenda Villa, that Defendant Brenda Villa may remain on release status under her previously-ordered release conditions pending the resolution of her appeal filed in the Ninth Circuit Court of Appeals.

Defendants who have been sentenced to a term of imprisonment and are pursuing an appeal may be granted release pending that appeal pursuant to 18 U.S.C. § 3143(b). To grant such a motion, the Court needs to find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of the community. §3143(b)(1)(A). Further, the Court needs to find that the appeal is not for delay and raises a substantial question of law or fact

1    likely to result in a reversal, new trial, or a sentence that does not include a term of

2    imprisonment. *Id.* The Ninth Circuit has held that the phrase "substantial question likely to

3    result in reversal or an order for a new trial" does not require the defendant to prove that they

4    will probably prevail on appeal. *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir.

5    1985). Rather, "substantial" merely defines the "level of merit" required in the question

6    presented, while the phrase "likely to result in reversal or an order for a new trial" defines the

7    "type of question" that must be presented." *Id.* The Ninth Circuit has defined a "substantial

8    question" as one that is "fairly debatable." *Id.* at 1283.

9        The parties, through this stipulation, stipulate that Ms. Villa is not likely to flee or pose a

10   danger to the safety of the community. Ms. Villa has not been found in violation of her release

11   conditions throughout her period of supervision. She has made every required court appearance

12   in this case, including two jury trials and her sentencing hearing. Ms. Villa has also not

13   conducted herself during the pendency of the case in a way that would indicate that she currently

14   poses a danger.

15       Further, the parties stipulate that the appeal is not filed for the purpose of delay and that

16   Ms. Villa seeks to raise substantial questions of law or fact. For example, Ms. Villa plans to

17   challenge the admission of statements at trial from a non-testifying declarant under the co-

18   conspirator exception to the hearsay rule. This type of question is substantial in that it is fairly

19   debatable and a favorable decision on the question may result in a new trial.

20       Ms. Villa was sentenced to a term of imprisonment for 6 months. She was given a self-

21   report date of April 29, 2024. The parties acknowledge it would be unlikely to fully brief the

22   issues Ms. Villa plans to raise resulting from two jury trials, have oral argument, and obtain a

23   decision from the Ninth Circuit before Ms. Villa would have served her entire sentence, even

24   under an accelerated briefing schedule. Nevertheless, the parties will endeavor to move through

25   the next phase of litigation in the Ninth Circuit as quickly and efficiently as possible.

26       Accordingly, the parties stipulate that Ms. Villa may remain out-of-custody until her

27   appeal resolves.

28

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | HEATHER E. WILLIAMS<br>Federal Defender |
| Date: April 8, 2024 | /s/ Jerome Price<br>JEROME PRICE<br>Assistant Federal Defender<br>Attorneys for Defendant<br>BRENDA VILLA |
| Date: April 8, 2024 | PHILLIP A. TALBERT<br>United States Attorney |
|   | /s/ Rosanne Rust<br>ROSANNE RUST<br>Assistant U.S. Attorney<br>Attorney for Plaintiff |

**ORDER**

IT IS HEREBY ORDERED, the Court, having received and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. Defendant Brenda Villa will remain on pretrial release under her previously-ordered conditions of release until further order of this Court. Her surrender date of April 29, 2024, is hereby vacated.

**IT IS SO ORDERED.**

Dated: April 9, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE